UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON CARDOZA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>T-MOBILE USA INC., a Delaware corporation,<br><br>    Defendant. | Case No. 08-5120 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Transfer Venue ("Motion") filed by Defendant T-Mobile USA Inc. ("T-Mobile" or "Defendant"). Docket No. 12. Plaintiff Milton Cardoza ("Plaintiff" or "Cardoza") filed an Opposition and T-Mobile submitted a Reply. Docket Nos. 16, 23. For the following reasons, T-Mobile's Motion is GRANTED.

## II. BACKGROUND

Plaintiff, a resident of Solano County, California, challenges the reasonableness of late fees and reactivation fees charged by T-Mobile when wireless service customers in California fail to pay their bills on time. Compl., Docket No. 1, ¶¶ 5, 17-

1   18.  T-Mobile is a Delaware corporation registered to do business
2   in California.  Id. ¶ 6.  T-Mobile has its headquarters in
3   Bellevue, Washington.  Crowder Decl. ¶ 2.[1]

4   Plaintiff brings the present action on behalf of a putative
5   class of California residents who subscribed to T-Mobile wireless
6   services within the four years preceding the filing of the action.
7   Compl. ¶ 21.  The subscriber class consists of a late fee subclass
8   who paid one or more of T-Mobile's $5 minimum late fees, and a
9   reactivation fee subclass who paid a reactivation fee in order to
10  restore service after having it suspended or terminated.  Id.

11  Plaintiff alleges that the late fees and reactivation fees
12  violate California Civil Code § 1671, which limits the use of
13  liquidated damages provisions in consumer contracts.  Id. ¶¶ 27-
14  35.  Plaintiff further alleges that the reactivation fee is an
15  unconscionable contract provision under California Civil Code §
16  1670.5.  Id. ¶¶ 36-39.  Finally, Plaintiff alleges that the late
17  fees and reactivation fees violate the California Legal Remedies
18  Act ("CLRA"), California Civil Code §§ 1750-1784, and California's
19  Unfair Competition Law ("UCL"), California Business & Professions
20  Code §§ 17200-17210.  Id. ¶¶ 40-52.  Plaintiff seeks a judicial
21  declaration that both the $5 minimum late fee and the reactivation
22  fee are illegal and unenforceable.  Id. ¶¶ 53-54.  As well as
23  declaratory relief, restitution and damages, Plaintiff seeks to
24  enjoin T-Mobile from including the late fee and reactivation fee

---

[1] Beth Crowder, a senior paralegal in the legal department at T-Mobile, filed a declaration in support of Defendant's Motion. Docket No. 14.

2

1  provisions in future California contracts.  Id. at 14.
2       Defendant moves to transfer this action to the Western
3  District of Washington pursuant to the first-to-file rule and 28
4  U.S.C. § 1404(a), or in the alternative, to dismiss or stay the
5  case.  Mot. at 1.  Plaintiff filed this action on November 10,
6  2008.  See Compl.  Three days earlier, on November 7, 2008, Cheryl
7  Barahona and Kuba Ostachiewcz filed an action against T-Mobile in
8  the Western District of Washington.  See Barahona v. T-Mobile,
9  Case No. 08-1631 (W.D. Wash.); West Decl. Ex. A ("Barahona
10 Compl.").[2]  The Barahona plaintiffs challenge the imposition of
11 late fee penalties on California consumers who obtain cellular
12 phone service from T-Mobile.  Id. ¶ 1.  They seek to certify and
13 represent a "California Damages/Restitution Class" comprising all
14 California T-Mobile customers who paid a late fee within the
15 statute of limitations period, and a "California Injunctive Relief
16 Class" comprising all California residents who are current
17 customers of T-Mobile.  Id. ¶ 13.  The Barahona plaintiffs allege
18 that T-Mobile's practices regarding late fees constitute: (1)
19 breach of contract for violation of California Civil Code § 1671;
20 (2) a violation of California's UCL; (3) a violation of the CLRA;
21 and (4) unjust enrichment.  Id. ¶ 4.  They also seek a declaration
22 that T-Mobile's late fees are unlawful.  Id.
23 ///
24 ///

---

[2] Sandra West, an attorney with the law firm Davis Polk & Wardwell, counsel of record for T-Mobile, filed a declaration in support of the Motion.  Docket No. 13.

## III. LEGAL STANDARD

### A. First-to-File Rule

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 623 (9th Cir. 1991). This rule should "should not be disregarded lightly." Id. at 625. The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982).

Absent an exception to the first-to-file rule, a court of second-filing can defer to a court of first-filing, if the two matters before them exhibit chronology, identity of parties, and similarity of issues. Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008). The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping. Alltrade, 946 F.2d at 628. The most basic aspect of the first-to-file rule is that it is discretionary. Id.

### B. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary

4

inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." Foster v. Nationwide Mut. Ins. Co., No. 07-4928, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007) (relying on Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

To support a motion for transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. Foster, 2007 WL 4410408 at *2.  In determining this issue, courts look to the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time to trial in each forum.  See id.  In addition, a forum selection clause is a significant but not dispositive factor.  Jones, 211 F.3d at 498.

**IV. DISCUSSION**

    **A. The First-to-File Rule**

In the present case, Plaintiff concedes that Barahona was filed first, and that the late fee claims and parties are substantially similar.  See Opp'n at 1.  However, Plaintiff

5

1  contends this action cannot be transferred because of the forum
2  selection clause in the T-Mobile contract.  Id.  This clause
3  provides that "[a]rbitration or court proceedings must be in: (a)
4  the county and state in which your billing address in our records
5  is located, but not outside the U.S.; or (b) in Puerto Rico if
6  your billing address is in Puerto Rico."  Fredman Decl. Ex. B
7  ("2008 Terms and Conditions") ¶ 25.[3]

8  Plaintiff argues that a valid forum selection clause provides
9  an exception to the first-to-file rule.  Opp'n at 3-4.  Plaintiff
10 does not cite to any cases from the Ninth Circuit making an
11 exception to the first-to-file rule based on a forum selection
12 clause.  See id.  However, even if there were such a case,
13 Plaintiff's argument fails because the county in which Plaintiff
14 resides is not located in the Northern District of California.
15 Plaintiff is a resident of Solano County.  Compl. ¶ 5.
16 Plaintiff's T-Mobile bills list an address in Vallejo, California.
17 See Baca Decl. ¶ 8.[4]  Vallejo is in Solano County.  Solano County
18 is served by the Eastern District of California, not the Northern
19 District.  See 28 U.S.C. § 84(b).  Since the forum selection
20 clause required Plaintiff to sue in a different district,
21 Plaintiff cannot rely on this clause to successfully attack
22 application of the first-to-file rule.

23 Plaintiff suggests that T-Mobile's decision to seek transfer

---

[3] Peter B. Fredman, counsel of record for Plaintiff, filed a declaration in support of Plaintiff's Opposition.  Docket No. 17.

[4] Andrea M. Baca, a paralegal in the legal department at T-Mobile, filed a declaration in support of the Motion.  Docket No. 24.

6

of this action as opposed to transferring Barahona here amounts to forum shopping within the meaning of the first-to-file rule. See Opp'n at 5. T-Mobile is the defendant in both this action and Barahona, so the Court has trouble understanding how T-Mobile could be accused of forum shopping. The typical case of forum shopping involves a plaintiff filing a federal action to "avoid adverse rulings made in the state court or to gain a tactical advantage from the application of federal court rules." See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1371 (9th Cir. 1990). There are no adverse state court rulings at issue here, and Plaintiff has not identified any tactical advantage that T-Mobile would gain from the application of federal court rules if this case were transferred to Washington. A plaintiff's decision to sue in the forum where its company is based does not amount to impermissible forum shopping. See Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1082 (C.D. Ca. 1999). Similarly, the Court finds that T-Mobile's decision to seek to transfer a later-filed case to the district where it has its corporate headquarters cannot be characterized as forum shopping.

Since the first-to-file rule is applicable here, the next question for the Court to determine is whether to transfer, dismiss, or stay the case.

**B.  Motion to Transfer**

Defendant moves to transfer the case pursuant to 28 U.S.C. § 1404(a). Venue is proper in this case because T-Mobile does substantial business in this district and is therefore subject to personal jurisdiction here. See 28 U.S.C. § 1391(c). This action

7

could have been brought in the Western District of Washington because it is brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and therefore the Western District of Washington would have subject matter jurisdiction. Since T-Mobile is headquartered in Bellevue, Washington, the Western District of Washington has personal jurisdiction over T-Mobile and venue is proper there. The Court therefore focuses its analysis on whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice.

### 1. Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum carries substantial weight in a motion to transfer venue. See, e.g., Foster, 2007 WL 4410408 at *2; Flint v. UGS Corp., No. 07-4640, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007). In class actions, however, a plaintiff's choice of forum is often accorded less weight. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

In the present case, there can be no doubt that the Western District of Washington is a less convenient forum for Plaintiff. Plaintiff contends that the Court should defer to Plaintiff's decision to litigate the case in his "home district." See Opp'n at 5. However, Plaintiff resides in Solano County, which is served by the Eastern District of California. See 28 U.S.C. § 84(b). Plaintiff's argument is therefore unavailing. See Foster, 2007 WL 4410408 at *3 (determining that one factor weighing against consideration of plaintiffs' choice of forum was that "the only named plaintiff . . . lives and works in the Eastern District of California, not in the Northern District as alleged in the

8

1 Complaint and plaintiffs' opposition brief"). The Court gives
2 some, but not much, deference to Plaintiff's choice of forum.
3    The Court does not give less weight to Plaintiff's choice of
4 forum based on Plaintiff's decision to bring this suit on behalf
5 of a class. Courts tend to do so in cases where the plaintiff
6 seeks to represent a nationwide class. See, e.g., Johns v. Panera
7 Bread Co., No. 08-1071, 2008 WL 2811827, at *2 (N.D. Cal. July 21,
8 2008); Italian Colors Rest. v. Am. Express, No. 03-3719, 2003 WL
9 22682482, at *1 (N.D. Cal. Nov. 10, 2003). Here, Plaintiff's
10 putative classes are limited to California consumers. See Compl.
11 ¶ 21. It would certainly be more convenient for California
12 consumers to have this case litigated in California rather than
13 Washington. Still, because of Plaintiff's mistake concerning his
14 home district, the Court gives little deference to Plaintiff's
15 choice of forum.

### 2. Convenience of Parties and Witnesses

17    The convenience of witnesses is often the most important
18 factor in resolving a motion to transfer. Bunker v. Union Pac.
19 R.R. Co., No. 05-4059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23,
20 2006). "In analyzing whether transfer of a case would serve the
21 convenience of the witnesses, the Court must look at who the
22 witnesses are, the nature of what the testimony will be, and why
23 such testimony is relevant or necessary." Flint, 2007 WL 4365481
24 at *4.
25    Although it is clearly more convenient for Plaintiff to
26 litigate his claims here, based on the nature of Plaintiff's
27 claims, this factor weighs in favor of transfer. Plaintiff's

Complaint centers on the allegation that T-Mobile's late fees and reactivation fees are prohibited liquidated damages because they do not reflect a reasonable endeavor to estimate actual damages, and because it is not extremely difficult or impracticable to ascertain actual damages. See Compl. ¶ 3. T-Mobile does not specifically name any potential witnesses. Nevertheless, this case will likely require T-Mobile employees to testify concerning the costs incurred by T-Mobile as a result of late payments, the development and implementation of T-Mobile's late fee and reactivation fee charges, T-Mobile's billing and collections practices, and the records of subscriber interactions with T-Mobile financial care representatives. See Mot. at 9; Crowder Decl. ¶ 4. T-Mobile declares that its employees familiar with these issues work predominantly at its headquarters in Bellevue, Washington. See Mot. at 9-10; Crowder Decl. ¶4.

With regard to Plaintiff's likely witnesses, determining which putative class members were charged late fees and reactivation fees is likely to involve considerably less, if any, testimony. Since the allegations in this case focus on defendant's conduct, the convenience of witnesses favors transfer. See In re Yahoo! Inc., No. 07-3125, 2008 WL 707405, at *3 (C.D. Cal. Mar. 10, 2008)(stating that "the location of the defendants is a weighty consideration in deciding whether this securities class action is properly transferred because plaintiffs' allegations focus on defendants' conduct and do not appear to implicate involved questions of fact regarding plaintiffs' behavior."). Furthermore, "the Court still lacks any indication

of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be." Flint, 2007 WL 4365481 at *4. Overall, the convenience of the parties and witnesses weighs in favor of transfer.

### 3. Ease of Access to the Evidence

"Documents pertaining to defendants' business practices are most likely to be found at their personal place of business." Italian Colors Rest., 2003 WL 22682482 at *5. T-Mobile declares that hard copy documents relevant to this litigation, and the hard drives containing electronic versions of such documents, are predominantly located at T-Mobile's headquarters in Bellevue, Washington. See Crowder Decl. ¶ 5. Plaintiff asserts that Defendant is a huge company that does substantial business in California and routinely litigates in California, and so its claim of inconvenience must be taken with a grain of salt. Opp'n at 6. This contention does nothing to rebut T-Mobile's declaration that documents relevant to its late fee and reactivation fee charges are predominantly located in Washington. This factor therefore weighs in favor of transfer.

### 4. Familiarity of Each Forum with Applicable Law

Plaintiff's Complaint asserts four causes of action based on California law. See Compl. ¶¶ 22-52. This Court is certainly more familiar with California law than is the Western District of Washington. It is also true, however, "that other federal courts are fully capable of applying California law." Foster, 2007 WL 4410408 at *6. Nonetheless, the Court finds that this factor disfavors transfer.

11

### 5.   Feasibility of Consolidation

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960). The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties. A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 503 F.2d 384, 389 (9th Cir. 1974).

Here, T-Mobile moves to transfer this case because Barahona is pending in the Western District of Washington. Mot. at 2-3. Clearly, there is substantial overlap between the two cases, a point that Plaintiff concedes. See Opp'n at 1. Both complaints seek to represent classes consisting of California T-Mobile customers, both contend that T-Mobile's late fee charges are illegal, and three causes of action are the same in both cases. See Compl. ¶¶ 3-4; Barahona Compl. ¶ 4. The main difference is that the Complaint here also alleges that T-Mobile's reactivation fee is illegal, while Barahona is a case challenging late fee charges only. However, because the two cases involve many common questions of law and fact, it is certainly feasible to consolidate the two cases if this case is transferred to the Western District of Washington. See Fed. R. Civ. P. 42(a); Papaleo v. Cingular Wireless Corp., No. 07-1234, 2007 WL 1238713, at *1-2 (N.D. Cal.

12

1  Apr. 26, 2007)(granting motion to transfer to district where
2  identical legal claims based on imposition of $18 charge were
3  asserted in earlier-filed putative class action and where
4  consolidation was therefore likely).  This factor weighs heavily
5  in favor of transfer.

### 6.   Other Factors and Forum Selection Clause

Neither party discusses local interests in the controversy or relative court congestion, and so the Court assumes they are neutral with respect to transfer.  Furthermore, while a forum selection clause is often a significant factor, see Jones, 211 F.3d at 498, its role is diminished in this case due to Plaintiff's mistake about Solano County being in the Northern District of California.

### C.  Dismissal versus Transfer

As an alternative to transferring the case, Plaintiff requests that the Court should dismiss Plaintiff's Complaint without prejudice so that Plaintiff can refile an amended complaint based on the reactivation fee claims only.  Opp'n at 7. Plaintiff submits a proposed First Amended Complaint that focuses on the reactivation fee charges.  Fredman Decl. Ex. 2 ("Proposed FAC").  Plaintiff contends that the issues presented by the Proposed FAC are not sufficiently similar to the issues in Barahona to implicate the first-to-file rule or the considerations favoring transfer.  See Opp'n at 7.  The Court is not persuaded. The T-Mobile employees familiar with T-Mobile's practices regarding late fees are likely to the same employees who can testify regarding reactivation fees, and the two cases would still

13

involve similar legal questions. While the class of California T-Mobile customers charged reactivation fees will be a subset of those charged late fees, presumably all of the reactivation fee class members will also be eligible to participate in the late fee putative class action pending in the Western District of Washington. The Court DENIES Plaintiff's request to dismiss, rather than transfer, this case.

## V. CONCLUSION

The Court GRANTS T-Mobile's Motion to Transfer to the Western District of Washington. While Plaintiff's choice of forum is entitled to some, but not much, deference, and while this Court is more familiar with California law, considerations including the convenience of parties and witnesses, ease of access to the evidence, and the feasibility of consolidation weigh heavily in favor of transfer. Pursuant to Civil Local Rule 3-14, the Clerk shall transmit the file to the Clerk in the United States District Court for the Western District of Washington.

IT IS SO ORDERED.

Dated: March 18, 2009

_____
UNITED STATES DISTRICT JUDGE

14